UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
_____

**RICHARD ABBOTT,**              )
    Plaintiff,               )
                                 )
**v.**                           )
                                     C.A. NO. 03-10443-WGY
**JANE RABE** & **MICHAEL FREDRICKSON**  )
    Defendants.              )

              **DEFENDANTS' MEMORANDUM IN SUPPORT**
                 **OF THEIR MOTION TO DISMISS**

I.  **Introduction**

    Plaintiff Richard Abbott, a resident of New York, has brought this diversity action against defendants Michael Fredrickson, General Counsel to the Massachusetts Board of Bar Overseers, and Jane Rabe, Assistant Bar Counsel in the Office of the Bar Counsel. Abbott complains that the two defendants' prosecution of his suspension from the practice of law violated his rights under the United States Constitution--specifically, his 5th and 14th Amendment to due process and his 6th Amendment right to effective assistance of counsel--and that they also committed a number of common law torts.  Abbott seeks on these accounts compensatory and punitive damages, plus interests and costs, and attorneys' fees under 42 U.S.C. § 1988.

This Court should dismiss Abbott's complaint on grounds of: (A) the Eleventh Amendment; (B) absolute immunity; (C) res judicata; and (D) Rooker-Feldman. It should further: (E) award Fredrickson and Rabe their reasonable attorneys' fees and costs incurred in defending against this action.

II.  **Undisputed Facts**

The following are the undisputed facts for the purpose of this motion:

1. Abbott was admitted to the bar of the Commonwealth of Massachusetts on January 12, 1983.[1]

2. In 1989, Abbott was admonished by the Board of Overseers for failure to file an appellate brief in a deportation matter.[2] The Board of Bar Overseers is responsible for adjudicating the discipline of members of the Bar. S.J.C. Rule 4:01, § 5.

3. In 1998, Abbott was charged by the Bar Counsel, acting through Assistant Bar Counsel Rabe, with having (a) neglected to file for post-conviction relief on behalf of a client who had been sentenced to fifteen to twenty years for cocaine trafficking, and (b) made repeated

---

[1]   In the Matter of Abbott, 437 Mass. 384, 386 (2002), copy of which is enclosed for the Court's convenience as Exhibit A.
[2]   Id. at 385, n. 2.

misrepresentations to both his client and to the defendants concerning the handling of the case.[3] The Bar Counsel is responsible for the investigation and prosecution of cases involving alleged misconduct of members of the Bar. S.J.C. Rule 4:01, § 7.

4. After four days of hearings, a committee of the Board of Bar Overseers recommended that Abbott be suspended from the practice of law for two and one-half years.[4]

5. Abbott took the matter to an appeal panel of the Board which, after hearing, found no error and recommended that the Board adopt the committee's recommendation that Abbott be suspended from the practice of law for two and one-half years.[5]

6. On May 14, 2001, the Board voted to adopt the recommendation to suspend Abbott from the practice of law for two and one-half years. In doing so, the Board concluded that Abbott had not only neglected his client's post-conviction remedies and made misrepresentations to his client and the bar counsel, but also that he had obtained his client's signature under false pretenses and given false testimony under oath to bar counsel.[6]

---

[3]   Id. at 384.
[4]   Id. at 385.
[5]   Id. at 385-86.
[6]   Id. at 386.

7.   On September 12, 2001 the Single Justice issued a memorandum of decision after hearing oral argument and ordered that Abbott be suspended from practice for two and one-half years.'

8.   Abbott appealed to the full court principally claiming that the proceedings against him violated due process and that the Board's findings were unsupported by the evidence.

9.   In an opinion dated August 1, 2002, the Supreme Judicial Court affirmed the decision of the Single Justice to carry out the recommendation of the Board to suspend Abbott from the practice of law for a period of two and one-half years.   In the Matter of Abbott, 437 Mass. 384 (2002).'

10.  On August 14, 2002, Abbott filed a Petition For Rehearing[9] which the Supreme Judicial Court subsequently denied.[10]

---

[7]   Id. at 386
[8]   Id.
[9]   A copy of the Petition for Rehearing is annexed as Exhibit B.
[10]  Paper # 20, as appears on the Case Docket, a copy of which is annexed as Exhibit C.

### III. Argument

#### (A) Abbott's Federal Causes Of Action Are Barred By The Eleventh Amendment.

It is unclear from the caption or the body of Abbott's lengthy 32-page complaint whether he is suing Fredrickson and Rabe in their official or individual capacities, or both." What is certain, however, is that the acts of which Abbott complains were taken by Fredrickson and Rabe in their official capacities, as employees of the Board of Bar Overseers and the Office of Bar Counsel, respectively, and that Abbott's prayer for relief is not limited to money damages.[12] To that extent, Abbott is barred from any recovery by the Eleventh Amendment.

Abbott invokes the jurisdiction of this Court on the grounds of diversity and one or more federal questions, pursuant to 28 U.S.C.A. 1332 & 1333. However, such grounds do not confer jurisdiction in claims against the State. As the Court of Appeals has definitively stated:

> the Eleventh Amendment has always acted to restrict the jurisdiction of the federal courts to entertain claims against the state when the underlying source of federal jurisdiction is diversity jurisdiction. The Amendment also restricts the jurisdiction of the federal courts to hear private claims

---

Complaint, ¶¶ 5-6.
Complaint, p. 31-32, ¶¶ a.-d. (seeking, inter alia, "any other remedy this Court deems just.")

>     based on federal causes of action created by
>     the Congress, see <u>Edelman</u> v. <u>Jordan,</u> 415 U.S.
>     651, 662-64 (1974), subject to the <u>Ex Parte
>     Young</u> exception for injunctions against state
>     officers, <u>Ex Parte Young,</u> 209 U.S. 123, 159
>     (1908).

<u>Fresenius Medical Care Cardiovascular Resources, Inc.</u> v. <u>Puerto Rico and the Caribbean Cardiovascular Center</u> Corp., 322 F. 3d 56, 63 (1st Cir. 2003)

A suit against government officers in their official capacities is in effect a suit against the government entity which the officer heads or to which the officer belongs.  <u>Kentucky</u> v. <u>Graham,</u> 473 U.S. 159, 165-66 (1985); <u>American Policyholders Ins. Co.</u> v. <u>Nyacol Prods. Inc.,</u> 989 F.2d 1256, 1259 (1st Cir. 1993), <u>cert. denied,</u> 510 U.S. 1040 (1994); <u>Forte</u> v. <u>Sullivan,</u> 935 F.2d 1, 2 n. 2 (1st Cir. 1991) (official capacity suit against state official barred as suit against state). Therefore, if a suit against the entity would be barred by sovereign immunity, so too should an official-capacity suit.

The Board of Bar Overseers and the Office of Bar Counsel are government entities created by court rule to support the operation of the Courts of Massachusetts through regulation of the Bar. As such, the Board of Bar Overseers and the Office of Bar Counsel are arms of the state, protected by the Eleventh Amendment bar from suits

for money damages in federal court. <u>Johnson v. Board of Bar Overseers of Massachusetts, et al.</u>, No. 03-12314-WGY, slip op. at 16 (D.Mass. May 26, 2004) <u>citing</u> <u>Pennhurst State Sch. & Hosp. v. Halderman,</u> 465 U.S. 89, 100 (1984). Fredrickson and Rabe are therefore also immune from suit, based on their actions taken in their official capacities. <u>Johnson,</u> slip op. at 17.

**(B) Abbott's Complaint Is Barred By Absolute Immunity.**

To the extent that Abbott has sued Fredrickson and Rabe in their individual capacity, they are entitled to absolute immunity.[13] Absolute immunity is designed to protect participants in adjudicatory proceedings to help

---

[13] Quite apart from absolute immunity, Fredrickson in his individual capacity is entitled to dismissal. Abbott has alleged that Fredrickson should have known of Assistant Bar Counsel Rabe's bias, bad faith and failure to investigate. Complaint, ¶ 132. In fact, Fredrickson is not employed by the Office of Bar Counsel and has no supervisory role with respect to that Office. Moreover, a supervisor's acts or omissions must amount to reckless or callous indifference to the constitutional rights of others, <u>Daniels v. Williams,</u> 474 U.S. 327, 331 (1986), <u>and</u> there must be an affirmative link between the constitutional violation and the action and inaction of the supervisory official. <u>Voutour v. Vitale,</u> 761 F.2d 812, 820 (1st Cir. 1985). Supervisory liability under 42 U.S.C. § 1983 cannot be premised on a simple failure to exercise proper supervisory control. <u>Stoute v. Berman,</u> 555 F. Supp. 507, 511 (Mass. 1982); <u>Delaney v. Dias,</u> 415 F. Supp. 1351, 1353-54 (Mass. 1976).

guarantee an independent, disinterested decision-making process. Prosecutors are thus absolutely immune from liability for initiating prosecutions and other acts "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409 (1976). Such immunity extends to individuals serving prosecutorial functions at administrative hearings. Butz v. Economu, 438 U.S. 478 (1978); Wang v. New Hampshire Bd. Of Reg. In Med., 55 F.3d 698, 701 (1st Cir. 1995) (" [s]tate officials performing prosecutorial functions--including their decisions to initiate administrative proceedings aimed at legal sanctions--are entitled to absolute immunity").

The Office of Bar Counsel, acting through Rabe, as Assistant Bar Counsel, is charged with "prosecut[ong] all disciplinary proceedings before hearing committees, special hearing officer[s], the Board [of Bar overseers], and [the Supreme Judicial Court]." S.J.C. Rule 4:01 § 7(3). Rabe is, therefore, entitled to absolute immunity based on their role as prosecutors in the Board of Bar Overseers action against Abbott. Johnson, slip op. at 20 (dismissing claim against Bar Counsel on grounds of absolute immunity).

The same result would apply to Abbott's state law claims under Massachusetts law. As stated by Chief Justice

9

Shaw as far back as 1849, "[t]he general principle, which excepts judges from answering in a private action, as for a tort, for any judgment given in the due course of the administration of justice, seems to be too well settled to require discussion." Pratt v. Gardner, 2 Cushing 63, 70 (1849), quoted in Comins v. Sharkansky, 38 Mass.App.Ct. 37, (1995). Judicial immunity is "founded upon considerations of public policy to the end that the administration of justice may be independent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences." Allard v. Estes, 292 Mass. 187, 190 (1935). Mirroring developments in the cognate federal law, the Massachusetts doctrine of judicial immunity "has been extended to persons, other than judges, performing judicial or quasi-judicial functions." LaLonde v. Eissner, 405 Mass. 207, 210 (1989), citing Imbler v. Pachtman, 424 U.S. 409, 430-431 (1976) (prosecuting attorneys associated with judicial phase of criminals process); Demoran v. Witt, 781 F.2d 155, 157-158 (9th Cir. 1986) (probation officer preparing pre-sentence reports); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970), cert. denied, 403 U.S. 908 (1971) (probation officer and court-appointed psychiatrists); see Temple v. Marlborough Div. of the Dist. Court Dep't, 395 Mass. 395 Mass. 117, 133 (1985) (clerks of

court acting at a judge's direction). Both the Board of Bar Overseers and the Office of the Bar Counsel were performing quasi-judicial functions in their investigation and discipline of Abbott.

### (C)  **Abbott's Action Is Barred By Res Judicata.**

Abbott's complaint is yet another challenge to the events leading up to his suspension from the bar and the proceedings which followed. These matters were all addressed and decided in the Supreme Judicial Court, either before the Single Justice, on appeal to the Full Bench, or on Abbott's Petition For Rehearing. They are thus barred from further review by the doctrine of res judicata.

The doctrine of res judicata, also known as claim preclusion, prevents a plaintiff from relitigating one or more claims. The Full Faith and Credit statute requires that "judicial proceedings of any court ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken." See Title 28 U.S.C. § 1738. Federal courts must therefore "treat a state court judgment with the same respect that it would receive in the courts of the rendering state." Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 372 (1996).

Even when a suit "raises a federal question or seeks to vindicate federal constitutional rights," a federal court must apply the claim preclusion principles of the state that rendered judgment. Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000). This serves "not only [to] reduce unnecessary litigation and foster reliance on adjudication, but also promote[s] the comity between state and federal courts that has been recognized as the bulwark of the federal system." Mulrain v. Bd. of Selectmen of Leicester, 944 F.2d 23, 26 (1st Cir. 1991).

As Abbott's suspension was rendered and affirmed in the Massachusetts courts, the claim preclusion standards of Massachusetts law would apply. Under Massachusetts law, "claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the first action." O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998). A claim is precluded if three elements are present: "(1) identity or privity of the parties to the present and prior actions; (2) identity of the cause of action; and (3) prior final judgment on the merits." DaLuz v. Dep't of Corr., 434 Mass. 40, 45 (2001).

Abbott's action is precluded by all three elements. First, as to identity or privity of the parties, Bar

-12-

Counsel was a party to the prior action and appeared as such, represented by Rabe.[14] Although the Board was not strictly a party, it is well-established that "one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided." Home Owners Fed. Sav. & Loan Ass'n v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968); TLT Constr. Corp. v. A. Anthony Tappe & Assoc., 48 Mass. App. Ct. 1, 5 (1999). Thus, although Fredrickson may not have been a party to the prior action, he may use it defensively.

With respect to the second element, the identity of the cause of action, claim preclusion would still apply. It has been held to "prevent[] relitigation of *all* matters that were or could have been adjudicated" in the prior action. O'Neill, 428 Mass. at 259 (quoting Blanchette v. Sch. Comm. of Westwood, 527 Mass. 176, 179 n. 3 (1998)) (emphasis supplied).

Finally, as to the third element, a final judgment on the merits has been rendered. The Supreme Judicial Court heard and ultimately affirmed a decision of a Single Justice suspending Abbott from the practice of law for a

---

[14]   In the Matter of Richard D. Abbott, 437 Mass. 384 (2002), a copy of which is enclosed for the Court's

period of two and one-half years.  In the Matter of Abbott, 437 Mass. 384 (2002). It then denied Abbott reconsideration after he raised for further review some of the same grounds which he argues here.[15]  Abbott did not seek certiorari in the Supreme Court of the United States, his only proper remaining procedural recourse.

(D)  **Abbott's Action Is Barred By Rooker-Feldman.**

Even if res judicata were not to apply, Abbott's complaint would be barred by the Rooker-Feldman doctrine. This doctrine provides that no federal district or appellate court has jurisdiction to review a state court judgment.  Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000); see Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  Were it otherwise, it would be "difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment."  Hill v. Conway, 193 F.3d 33, 39 (1st Cir. 1999).  More to the point, federal statute requires that federal courts give "the same preclusive effect to state court judgments--both as to claims and issues previously adjudicated--as would be given in the state court system in

---

[15]    convenience as Exhibit A.
        Exhibit B.

which the federal court sits." 28 U.S.C. § 1738; <u>Keystone Shipping Co. v. New England Power Co.</u>, 109 F.3d 46 (1st Cir. 1997 <u>citing</u> <u>Kyricopolous v. Town of Orleans</u>, 967 F.2d 14 (1st Cir. 1992)). Accordingly, this action is barred.

    **E.    This Court Should Award Fredrickson And Rabe Their Reasonable Attorneys' Fees And Costs.**

Presuming that he will be the prevailing party, Abbott has requested his reasonable costs and attorneys' fees under 42 U.S.C. § 1988. This section provides the converse as well. If defendants prevail, they may be awarded their reasonable costs and attorneys' fees if plaintiff's complaint is shown to have been "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." <u>Hughes v. Rowe</u>, 449 U.S. 5, 14-15 (1980) (<u>per curiam</u>), quoting <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 422 (1978); see <u>Tang v. R.I. Dep't of Elderly Affairs</u>, 163 F.3d 7, 13 (1st Cir. 1998).

Abbott's apparent ignorance of the Eleventh Amendment, absolute immunity, <u>Rooker-Feldman</u>, and his attempt to relitigate a case he lost in state court, is "friviolous, unreasonable and groundless." Abbott may not be acting in bad faith, but bad faith is not a prerequisite to an award of fees and ignorance **is** not a defense. <u>Hughes</u>, 449 U.S. at 14; <u>Christiansburg</u>, 434 U.S. at 421. It is enough that

the "plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." Alizadeh v. Safeway Stores, Inc., 910 F.2d 234 (5th Cir. 1990). Contrast Werch v. City of Berlin, 673 F.2d 192, 195 (7th Cir. 1982); cf. Tarter v. Raybuck, 742 F.2d 977 (6th Cir. 1984) (no fees assessed where case involved unsettled area of law), cert. denied, 470 U.S. 1051 (1985); Dooley v. Reiss, 736 F.2d 1392 (9th Cir.) (no fees assessed where losing claims presented difficult issues not previously resolved at appellate level), cert. denied, 469 U.S. 1038 (1984). Accordingly, Fredrickson and Rabe request that Abbott be required to pay attorneys' fees and costs in the amount, and for the reasons, set forth in the accompanying motion pursuant to FED. R. Civ. P. 54(d)(2).

## IV. Conclusion

This action should be dismissed on grounds of the Eleventh Amendment; absolute immunity; res judicata; and Rooker-Feldman. Furthermore, Fredrickson and Rabe should be awarded their reasonable attorneys' fees and costs as set forth in their accompanying motion.

Respectfully submitted,

DEFENDANTS JANE RABE and MICHAEL FREDRICKSON,

By their Attorneys,

THOMAS F. REILLY
Attorney General


_____
Charles M. Wyzanski
Assistant Attorney General
B.B.O. No. 536040
One Ashburton Place
Boston, MA. 02108
Tel.No. (617) 727-2200

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mai=4bybac)-·

on 1)' 10