**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| **RICHARD ABBOTT,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )     **C.A. NO. 03-10443-WGY** |
| **JANE RABE** & **MICHAEL FREDRICKSON** | ) |
| **Defendants.** | ) |

---

**AFFIDAVIT OF CHARLES M. WYZANSKI**

I, Charles M. Wyzanski, hereby depose and swear:

The statements made in this affidavit are based on my personal knowledge.

1.   I am a graduate of Harvard College and Columbia Law School, admitted to the Bars of Massachusetts and Pennsylvania in 1972.

2.   Since 1972, I have been engaged in the practice of law as a legal services lawyer in Philadelphia; an associate in the law firms of Rosenfeld, Botsford & Krokidas and of Peabody and Brown; as an Assistant District Attorney in Essex and in Middlesex County; as Senior Litigation Counsel to the Massachusetts Department of Correction; and, for the past five years, as an Assistant Attorney General in Massachusetts.

-2-

3.    During this time, I have also held a variety of law-related faculty appointments--at Harvard Law School, Boston University Law School, Boston University School of Management, Brandeis University, and Tufts University.

4.    My billing rate, when I last I worked billable hours in the private sector some 15 years ago, was $185 per hour.

5.    In the last six years at the Attorney General's office, opposing counsel, possessed of no more training or accomplishment than I, have been awarded, over my objection, at least $250/hour, e.g. Harvey Schwartz, Esq., in Wilson and Wilson Promotional Group, Inc. v. Wilbert J. McClure, William F. Pender, and Nicholas P. Manzello, USDC Civil Action No. 98-12299-WGY; Gerald Nissenbaum, Esq. in Roberts & Cosgrove v. Department of State Police, Middlesex C.A. 01-01877.

6.    After reading the complaint of the pro se plaintiff Richard Abbott, Esq. in the above-referenced matter on June 29, 2004, I telephoned Mr. Abbott and informed him of what I saw to be its fatal deficiencies. I asked him if he had legal basis, in light of these deficiencies, to proceed with his case.

7.    Mr. Abbott referred me to three cases and I faxed him a copy of what I thought to be a dispositive case

supporting dismissal of his complaint, <u>Johnson</u> <u>v.</u> <u>Board</u> <u>of</u> <u>Bar Overseers</u> <u>of</u> <u>Massachusetts,</u> <u>et</u> <u>al.,</u> No. 03-12314-WGY (D.Mass. May 26, 2004).

8.    I advised Mr. Abbott that if he would not agree to voluntarily dismiss the action against defendants Fredrickson and Rabe, I would not only be moving to dismiss but requesting costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

9.    Although Mr. Abbott and I had further discussions, he has declined to withdraw his action or to voluntarily dismiss his complaint.

10.   Conservatively speaking, I have spent a total of 9.5 hours representing the Commonwealth in this case, as itemized below.

| | |
|---|---|
| Reading Abbott's complaint | 1.0 hr. |
| Telephone calls to Abbott | .5 hr. |
| Motion To Dismiss | .5 hr. |
| Motion For Attorneys' fees and Costs | .5 hr. |
| Memorandum in Support | 8.0 hrs. |
| Affidavit of Charles M. Wyzanski | .5 hr. |

11.   Assuming a billing rate of $250/hr., multiplied by the 11 hours itemized above, Fredrickson and Rabe are entitled to $2,750 in attorneys' fees, plus costs of $23 for faxing 23 pages to Mr. Abbott in Forrest Hills, New York, or a total of $2,773.

4

Signed under pains and penalties of perjury this   12-ᵗʰ

day of July, 2004.


_(1 (t,Ccy   )/t_
Charles M. Wy   nski