UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD ABBOTT,
    Plaintiff, )
)
v. ) C.A. No. 04-10777 *NMG*
)
JANE RABE & MICHAEL FREDRICKSON, )
    Defendants

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OBJECTION OF DEFENDANTS' MOTION TO DISMISS AND FOR ATTORNEY'S FEES

#### INTRODUCTORY STATEMENT

The Plaintiff objects to the Defendants' Motions on both procedural and substantive grounds. In addition an important misrepresentation was made by defendant's counsel to the detriment of both parties. The memorandum and accompanying documents seeks to remedy the misrepresentation as well as to dismiss the Defendants' Motions, and for the Plaintiffs unanswered pleadings on the First Amendment, Equal Protection, the Confrontation Clause, and Negligence, to be accepted as true.

#### UNDISPUTED FACTS

1. Although the plaintiff, attorney Richard Abbott, was deposed four (4) times by the Board of Bar Overseers (BBO) and his computer (his files) and printer were subpoenaed, he was not allowed even rudimentary discovery.

2. Upon information and belief, Defendant Fredrickson denied the Plaintiff's Motion for Nine simple interrogatories.

#### ARGUMENT

Defendant's attorney, Charles Wyzanski, did not comply with the local rules. As an afterthought on July 16, 2004, four days after he filed his Motions, he submitted his

Certification.(Exhibit "A"). This violates local rule 7.1 (2) in several respects. First, Wyzanski already filed his motion when he submitted his certification. More importantly, 7.1(2) requires that both counsels certify "that *they* have conferred and have attempted in good faith to resolve or narrow the issue". Attorney Abbott has been both moving and non moving party in federal motions. He has always received compliance on this Motion from the opposing attorney. He has always given compliance to the moving party. He would not have done so in this case as he does not believe there was good faith attempts (see Plaintiff attorney's affidavit).

Local rules are not mere suggestions or hints. They impose procedural requirements, Osier v. Broome County, 47 F. Supp. 2d 311 (N.D.N.Y.1999). Lawyers are duty bound to comply with the local rules. In re Jarvis, 53 F.2d 416 (1st Cir. 1995). The Federal District Court wasn't monkeying around when they declared that local rules carry the force of the law. Frasier and Wise, P.C. v. Primarily Primates, Inc., 966 F.Supp 63 (D.Mass. 1996)

The rules of Federal Civil Procedure are so sacrosanct and far reaching they apply irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal. Vess v. Ciba-Geigy Corp.U.S.A., 317 F.3d 1097 (9th Cir. 2003). Local rule 1.3 states that failure to comply with directions or obligations may result in dismissal or default.

On Wednesday July 7, 2004, Wyzanski called Abbott and claimed that a recent ruling by Judge Young was dispositive. Attorney Abbott requested a few days to read and digest the case. Through administrative errors, Abbott did receive the case until

or similarly situated and one is impermissible treated because of malice or bad faith. LeClair v. Saunders, 627 F.2d 606, 609,610 (2d Cir.1980). The First Circuit has followed the LeClair holdings of the Second Circuit. Rubinovit v. Rogato, 60 F.3d 906 (1st Cir. 1999); Yeradi's Moody Street Restaurant and Lounge v. Board of Selectmen, 878 F.2d 16 (1st Cir. 1989). See also City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985)("essentially a direction that all persons similarly situated be treated alike".)

Answering Specific Points of the Defendants Motions

(A) The Eleventh Amendment

The defendants' argument begins by claiming it is unclear whether the defendants are being sued in their individual or official capacities, or both (p.5). On July 7 when the attorneys first spoke, Wyzanski said a suit against the state and state officials in their official capacity wasa barred by the 11th Amendment. The suit was only proper against individuals. Abbott agreed and read to Wyzanski paragraph two, page five from the Amended Complaint, "at all relevant times the Defendants acted under color of state law as state employees acting within the course and scope of their employment **and are being sued in their individual capacities**". (emphasis added, see plaintiff's affidavit).

The 11th amendment is not relevant in this case. Neither party is claiming this case is a product of an ongoing state claim where the Younger abstention doctrine would come into play. Younger v. Harris, 401 U.S. 37 (1971)(see Judge Young's recent decision C.A. 03-12314-WGY Johnson v. BBO et al.

The Defendants' Motion does not address the diversity issue, as the state or the

-5-

11th Amendment are immaterial. The Plaintiff clearly labeled the torts claims "Tort Claims" (p.32 Amended Complaint). The last words of the introductory paragraph correctly states, "...it is irrelevant whether the Defendant/s were acting under color of state law". (p. 32 amended complaint).

B. Absolute Immunity

Both counsels agree that immunity is absolute when prosecutors are acting as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 430-431. See also Burns v. Reed, 500 U.S,. 478 (1991) (prosecutor who provides bad advice to police not immune).

The First Circuit has followed the well established law that it is not one's title but one's function that determines whether or not immunity attaches. "A defendant pleading absolute immunity bears the burden of showing that it is justified by the function in question. Cignetti v. Healey, 89 F.Supp 2d 106, 114 (D. Mass. 2000) citing Burns v. Reed, 500 U.S. at 487, 111 S.Ct.1934, 114 L.Ed. 2d 547 (1981).

Cignetti held, "...it is well settled that prosecutors do not enjoy absolute immunity as to conduct that is merely administrative or investigative." at 116, citing Buckley v. Fitzsimmons, 509 U.S. 254,269 (1993).

In Kalina v. Fletcher, 118 S.Ct. 502,510, 522 U.S. 118 (1997), the Supreme Court held that there was no absolute immunity when the prosecutor swore to facts. This is the function of a witness, not the lawyer. In the instant case it is pled that defendant Rabe with defendant Fredrickson's knowledge acted as a complaining witness as there was no witness to aver to the truth of her statements. Paragraphs 40 and 41 of the Plaintiff's Amended Complaint state that defendant Rabe accused the Plaintiff of having

-6-

the complainant Oscar Atehortua sign a blank piece of paper which the Plaintiff later filled in. There were no witnesses to that. Even Atehortua admitted this never happened.

Another "fact" that only Rabe claimed was that Abbott forged or had someone forge Denner's signature. These allegations are addressed in paragraphs 122-124 of the Amended Complaint. Atehortua never claimed Abbott forged Denner's signature. "…this theory was an invention purely of Defendant Rabe". (Paragraph 124).

Not only was Rabe acting in an investigative role, but she was in essence testifying as a witness to her shoddy investigation and theories. The Plaintiff believes Rabe never interviewed any one from Denner's office regarding the alleged fake signature (Paragraph 131). If so , she hid that information from the Plaintiff.

Burns does not allow absolute immunity for a prosecutor acting as a witness. Upon information and belief the plaintiff believes that defendant Rabe was required to present her findings to a supervisor in order to go forward, perhaps defendant Fredrickson. She had presented these uncorroborated theories in order to proceed against Abbott.

This failure to investigate is not something the Plaintiff is now concocting because the case law is on his side. Not only do the paragraphs cited above dispel that but the last sentence of his first paragraph in the Amended Complaint states, "The defendants jointly or severally also lied about relevant information as well as failing to investigate, supervise, and neglecting the case at hand".

Qualified Immunity

The defendants never raised the issue of qualified immunity despite the plaintiff mentioning it to defendants counsel (see plaintiffs affidavit). Qualified immunity is an affirmative defense and as such must be plead. Ringlets v. City of Fall River, 146 F.3d 1 (1st Cir. 1998). Still, qualified immunity does not protect, "the plainly incompetent or those who knowingly violate the law". Liu v. Phillips, 234 F.3d 55 (1st Cir. 2000). As pled, the defendants violated the plaintiff's clearly established rights of equal protection, due process, freedom of speech and redress of government. Qualified immunity is available only if clearly established rights are not violated. Cignetti v. Healy, 89 F.Supp2d 106 (D.Mass.2000), at 114 citing Harlow v. Fitzgerald, 457 U.S. 800 (1982).

(C) Res Judicatta

The defendants next claim that the instant action is barred by the doctrine of res judicatta. This theory is interesting. It is also wrong and irrelevant.

As mentioned, supra, the Plaintiff raised many new issues. The First Amendment issue of freedom of speech and redress of grievances (Count I) was never raised at any hearing or tribunal. The Plaintiff was not afforded discovery (paragraph 98 Amended Complaint) to fully press this issue.

Similarly the Equal Protection issues were also never raised for some of the same reasons, no discovery was allowed. In fact attorney Fredrickson's name and attorney John Doe's name were never even mentioned at the BBO hearing or before the SJC. The Plaintiff could not have raised the Equal Protection issues concerning defendant Fredrickson , as the SJC came out with their decision in August of 2002. The State Ethics Committee decisions against Fredrickson was not made public until the Autumn of

-8-

2003.

Two of the three elements required for res judicatta are not present as discussed in O'Neill v. City Manager of Cambridge, 428 Mass. 27, 259 (1998). There is no identify of the cause of action or of final judgment on the merits because First Amendment rights and equal protection were never raised. An appeal from an adverse administrative determination allows the plaintiff to raise constitutional issues not previously raised in judicial proceedings. Baker v. Coxe , 940 F.Supp 409,416, citing Nester Colon and Successors, Inc. v. Custodio, 964 F.2d 32, 39 n.3 (1st Cir. 1992).

It is inherently lopsided for the defendants to withhold discovery and BBO procedures from the plaintiff and then claim he can not proceed because he does not have the requisite information. Due process right of access to courts also comprehends a right to learn facts necessary to seek redress for constitutional violation of individual rights. Brown v. Grabowski, 922 F.2d 1097 . When alleged bias is discovered after the proceeding has concluded, due process requires that challenger have opportunity to object to alleged bias. McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) cert. Denied 513 U.S. 110, 115 S.Ct. 898, 30 L.Ed. 2d 783.

(D) Rooker Feldman

The last leg of the defendants argument is also without merit. As with all of the defendants arguments, they are to be narrowly construed. The District Court is duty bound to hear a case properly before it. "Extraordinary and narrow exception of the duty of a District Court to adjudicate a controversy properly before it". Medical Malpractice

Joint Underwriting v. Pfeiffer, 832 F.2d 240 (1st Cir. 1987), citing Colorado River Water Conservation District, 424 U.S. at 813, 96 S. Ct. at 1244). "Jurisdiction can not be avoided simply because the issue concerns a coherent state policy." Saluki v. Redhail 434 U.S. 374, 380 n. 5, 98 S. Ct. 673, 677 n. 5, 54 L.Ed. 2d 618 (1978). "The state has no right to an unconstitutional policy, coherent or otherwise". Pfeiffer at 244.

    Pfeiffer also notes that a civil action occurring under the constitution and District Court jurisdiction is mandated by 28 U.S.C. 1331, which the Plaintiff pled in his Amended Complaint, p. 5, paragraph 2, under the heading "Jurisdiction and Venue". Throughout his Amended Complaint, the plaintiff alleged that his constitutional rights had been violated. "Federal Intervention is …proper to correct errors of constitutional dimension". Lucy v. Gabriel, 732 F.2d 12 (1st . Cir. 1984) citing Smith v. Phillips, 466 U.S. 209, 221, 102 S. Ct. 940, 9948, 71 L. Ed. 2d 78 (1982). Administrative convenience can never override constitutional requirements of due process. Patlex v. Mossinghoff, 771 F.2d 480 (D.C.Cir. 1985).

    All doubt must be resolved in favor of the Plaintiff. If there is any substantial doubt as to whether parallel state court litigation would be an adequate vehicle for complete and prompt resolution between the parties, "it would be a serious abuse of discretion to grant the stay or dismissal at all". Elmendorf Grafica, Inc. v. D.S. America (East), Inc., 48 F.3d 46 , 50,51(1st Cir. 1995) citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 15, 103 S. Ct. 927, 943, 74 L.Ed. 2d 735 (1983).

    The Defendants reliance in Sheehan v. Marr, 207 F.3d 35, 40 (1st Cir. 2000) is sorely misplaced. The yardstick Sheehan uses is whether the state and federal claims are

"inextricably intertwined". Of course some "overlap" is necessary, at 40, citing <u>Thomas v. Contoocook Valley School District</u> 150 F.3d 31, 38 (1st Cir. 1998)(discharged teacher entitled to litigate disability discrimination even after state court finding that her termination was for cause). <u>Sheehan</u> held that despite the "overlap" the state and federal cases were not inextricably intertwined. In the present case, as the Plaintiff has stated, supra, many of the issues pled were never raised before the BBO or SJC. Some could not have been plead as they didn't occur until over a year after the SJC decision. Plaintiff is awaiting discovery he should have received but was prevented from doing so. "If the immunity [to suit under 1983] is qualified, not absolute, the scope of that immunity will necessarily be related to facts not yet established either by affidavits, admissions, or a trial record". <u>Powers v. Coe,</u> 728 F. 2d 97, 103 (2d Cir. 1984), quoting <u>Scheder v. Rhodes</u>, 416 U.S. 232, 242-43, 94 S. Ct. 1683, 1689-90, 40 L.Ed.2d 90 (1974).

Due Process and Equal Protection claims have traditionally been treated differently and given more latitude. Pro Se pleadings are liberally read when it implicates civil rights. <u>Cruz v. Sielaff</u>, 767 F. Supp. 547 (S.D.N.Y. 1991). Pro Se pleadings in a complaint and amended complaint, even if the Plaintiff is an attorney, will be construed liberally for due process and equal protection claims. <u>Regenbugen v.</u> Mustille, 908 F. Supp. 1101 (N.D.N.Y. 1995). While bar matters are subject to the control of the admitting court, they are subject to review for abuse of discretion or constitutional infirmities. <u>Panzardi- Alvarez v. U.S.</u>, 879 F.2d 975, 981 (1st Cir. 1989). This is all related to and brings us to the Defendants Motion for reasonable attorney's fees.

(E) Defendant's Motion to Dismiss

-11-

The Defendant claims that the Plaintiff's Amended Complaint is frivolous and therefore attorney's fees should be awarded the Defendants under 42 U.S.C. 1988. It is uncontested that the Plaintiff is proceeding Pro Se. 42 U.S.C. does not authorize an award of attorneys' fees against a plaintiff's attorney. Brown v. Chamberburg, 903 F.2d 274 (3rd Cir. 1990). A 1988 award of attorney's fees is allowed only if the Plaintiff is relitigating the case. As discussed at length above, this is not the case. Once again the Defendants counsel has ignored either local rules or the custom of the First Circuit. Finality of a state judgment is less than certain. The nuances of the case must be considered. Tang v. R.I. Dept. of Elderly Affairs, 163 F.3d 7,15 (1st Cir. 1998).

"[i]n this circuit the 'law of the case' doctrine has not been considered as an inflexible straight jacket that invariably requires rigid compliance with the terms of the mandate." Tang at 10 quoting Northeast Util Serv. Co v. FERC, 55 F.3d 686, 688 (1st Cir. 1995). "We do not find 'the law of the case' doctrine precludes any reconsideration of an issue already settled." citing Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994).

In short, the Plaintiff is not relitigating constitutional violations and infirmities. Even assuming *arguendo,* that were the case, it would not necessarily be frivolous or a defect in the First Circuit.

Running Afoul, running on empty

Finally, the defendant argues that defendant Fredrickson should be let out of the suit as his supervisory powers did not intersect with defendant Rabe's actions (Defendant's memo p. 7 , n. 13). This can be determined in the discovery the Plaintiff so

eagerly seeks. Providing of details is pursued through discovery. Bazal v. Bedford Trucking Co. Inc., 442 F. Supp. 1089 (D.C. Fla. 1977). More damaging to the defendant is that he has no support for his assertions about Fredrickson's role. Fredrickson did not provide an affidavit, not even defendants' counsel in his affidavit asserted anything about Fredrickson's duties. This is contrary to local rule 7.1 (b)(1) which reads in relevant part, "Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion". (see Plaintiff's affidavit on this issue).

## CONCLUSION

The Defendants did not comply with local rules and their Motions should be denied. Further, they have never answered the Plaintiff's complaint despite being given more than 40 days to do so. Even assuming their Motions are somehow considered a stay on the issues discussed, the Motions never addressed the issues of the First Amendment, Equal Protection, or Negligence, all of which the Plaintiff pled. On all the allegations, especially those not addressed by the defendants' motions, the Plaintiff's allegations (except for damages) should be taken as true as they were never denied. Substantively, case law and the liberal rules of pleading greatly favor the Plaintiff. The Defendants Motions should be denied.

WHEREFORE the Plaintiff prays for the following relief:

a. Denial of both defendants motions on procedural and substantive grounds;

b. Accepting Plaintiff's allegations as true except as to damages.

                              For the Plaintiff

                              Pro Se

                              Richard Abbott
                              72-11 Austin Street
                              Forest Hills, NY 11375
                              (917) 971-5005
                              R.I. Bar #2888

### Certification

I hereby certify that I sent a true copy of the above Motion and attached affidavit to Defendants' attorney, Charles Wyzanski, on July 23, 2004, first class mail, at his business address One Ashurton Place, Boston, MA 02108.