04 cv 10777 N MG

Plaintiff's .Affidavit in Support of his Motion to Deny Defendants' Motions

I, Richard Abbott, swear as follows:

1. I am a member in good standing of the Rhode Island Bar and have been since I passed the bar there in 1983.

2. I am a member in good standing of the New York Bar and have been since I passed the bar there in 1991.

3. No one in either jurisdiction has ever filed a claim against me for improprieties.

4. On July 7, 2004 I received a call from AAG Charles Wyzanski regarding my claim against attorneys Rabe and Fredrickson.

5. He represented that a recent case decided by Judge Young was dispositive on my issues.

6. He said he'd fax the case to me and we agreed I'd have a few days to read and digest the case and get back to him.

7.. Mr. Wyzanski also represented that I had to sue the Defendants in their individual capacities, something he didn't think I had done.

8. At that time he waited on hold while I went to another room to get my notes and pleadings.

9. When I returned with my pleadings I read to him from the section that said I was suing the defendants in their individual capacities. He said he hadn't read the entire complaint and that in any event I hadn't plead individual capacity in the caption.

10. As I reviewed my notes, I did not really know what the so called dispositive case of Judge Young said and didn't know what cases to quote him.

11. He mentioned you couldn't relitigate a case and he was going to ask for attorney's fees.

12. I told him I wasn't relitigating as I had new issues on Equal Protection and the First Amendment, issues I never litigated. I specifically mentioned and gave him the site for Baker v. Coxe, a Massachusetts Federal District Court case which says you can sue in Federal Court on appeal on issues never raised in state court. Fredrickson + John Doe were never mentioned at the BBO a STC.

13. He mentioned absolute immunity and I told him I didn't think it applied. If anything the defendants had qualified immunity and they were barred from asserting that as well.. I gave him a few cites from my lengthy research.

14. I'm not certain who called who the following day, Thursday July 8, but I told him I hadn't received the fax he promised on Judge Young's case. He said he would try again to fax and had looked at the cases I told him about. He did not acknowledge qualified immunity or the theory.

15. I told him that the deadline, July 12 was approaching for answering the pleadings. He responded that his Motion to Dismiss did that. He again reiterated he was going to ask for attorney's fees. I reiterated I didn't think they were appropriate in this case as I wasn't relitigating the issues.

16. I finally received the promised fax on Friday, July 10, 2004. I took the weekend to read and think about it.

17. I called Mr. Wyzanski on Monday July 12. I told him I had finally received the fax on Friday. He apologized and said his assistant had not entered the proper code the first two times. I told him I didn't think the case he sent was at all appropriate. For one reason, that case concerned federal intervention about an ongoing state proceeding which wasn't my case and for another reason, qualified immunity was at issue in my case not the absolute immunity discussed in the fax.

18. Mr. Wyzanski stated he had already filed his Motions or was about to. That ended the discussion and we wished each other well.

19. I have been both the moving and non moving party concerning federal motions. I have always meaningfully discussed issues with the other side even if we couldn't narrow the issues.

20. I have always received the other side's consent, unlike in Mr. Wyzanski's late filed Motion in violation of local rules.

21. I have always given my consent when I was the non moving party that the opposing attorney and I had meaningful talks about the issues in question.

22. I would not have done so in this case as I didn't think the talks were meaningful or in good faith. Mr. Wyzanski seemed intent on proceeding with his points despite my protestations they weren't in line with case law. More disturbingly, I never had a chance to cite relevant case law , Burns v. Reed, for example, on qualified immunity, as Mr. Wyzanski had already written and filed, or was in the process of filing his Motions when I called him back to discuss the "dispositive'case he had faxed.

23. Mr.Wyzanski, either on the 7th or 8th of July stated that he didn't feel Mr. Fredrickson should be a defendant as his duties didn't concern defendant Rabe's.

24. To show continuing good faith, I told him I had nothing personal against Fredrickson and might let him entirely out of the case but I needed to see the BBO procedures

concerning supervision and who was to report to him, as violation of one's procedures was a violation of due process.

25. He said he had no idea what the BBO procedures were.

26. On the 12th he said I had ten days to respond to his Motions. I didn't think that was the rule, locally, but decided to check before I said anything.

The above is based on my personal knowledge, *signed under the pains and penalties of perjury.*

_Richard Abbott_
Richard Abbott

July 23, 2004



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY                                         (617) 727-2200
ATTORNEY GENERAL                                         www.ago.state.ma.us


June 22, 2004


Richard Abbott, Esq.
72-11 Austin Street
Suite 321
Forest Hills, NY 11375


Re:     Richard Abbott v. Jane Rabe & Michael Fredrickson
        United States District Court, District of Massachusetts C.A. 04-10777 PBS

Dear Mr. Abbott:

        This will confirm your kind agreement today to extend the time by which defendants must file a response to your complaint by twenty (20) days, or until July 12, 2004.

        Thank you for your cooperation.

                                        Sincerely,

                                        Ernest L. Sarason, Jr.
                                        Assistant Attorney General


cc:     Jane Rabe, Esq.
        Michael Fredrickson, Esq.



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

July 16, 2004

Richard Abbott
72-11 Austin Street
Suite 321
Forest Hills, NY 11375

Re:    Richard Abbott v. Jane Rabe & Michael Fredrickson
       USDC C.A. No. 2004-10777 PBS

Dear Mr. Abbott:

Enclosed please find:

(1)    Defendants' 7.1 Certificate.

Please include this document with the defendants' motion to dismiss previously filed in this case.

Thank you.

Very truly yours,

Charles M. Wyzanski
Assistant Attorney General

enclosure