## PLAINTIFF'S MEMORANDUM IN SUPPORT OF REHEARING OF MOTION TO DISMISS

RICHARD ABBOTT,
    Plaintiff,

C.A. 04-10777-NMG

v.

JANE RABE & MICHAEL FREDRICKSON,
    Defendants

### Procedural Grounds

A court must abide by its own rules. Not to do so would constitute a violation of due process. Valid local rules have the force of law. Weil v. Neary, 278 U.S. 160, 169, 46 S.Ct. 144,148, 73 L.Ed 243 (1929); Marshall v. Gates, 44 F.3d 722 (9th Cir. 1995). The local rules, "are laws of the United States" Marshall at 724 quoting United States v. Hvass, 355 U.S. 570, 575, 78 S.Ct. 501, 504, 2 L.Ed 2d 496 (1958). This is not an eleventh hour argument. The Plaintiff made the same argument when he felt Defendants' counsel was in violation of another local rule (see Plaintiff's Memorandum in Support of His Objection of Defendants' Motion to Dismiss and for Attorney's Fees).

Local rules impose procedural requirements, Osier v. Broome County, 47 F. Supp. 2d 311 (N.D.N.Y. 1999). Lawyers are duty bound to comply with local rules. In re Jarvis, 53 F.2d 416 (1st Cir. 1995). The Federal District Court declared that local rules carry the force of law. Frasier and Wise, P.C. v. Primarily Primates, Inc., 966 F. Supp 63 (D. Mass. 1996).

In the present case the Defendants and perhaps the court is in violation of local rule 16.1 (a) which reads in pertinent part: "In every civil action ... the judge or, ... a designated magistrate shall convene a scheduling conference as soon as practicable ... and within one hundred and twenty (120) days after the complaint has been served on the defendant. In cases ... transferred from any other federal court, the judge or magistrate shall convene a scheduling conference within sixty (60) days after removal or transfer."

On July 12, 2004 this case was transferred from Judge Saris to Judge Gorton (Exhibit "A", docket #3). Defendants counsel entered their appearance by way of a Motion, Affidavit, and Memorandum to Dismiss on the following day, July 13, 2004 (Exhibit "A", docket #4,5,6,7), or service on defendants of July 23, 2004. Either counting 120 days or the more plausible interpretation of 60 days, the January 7, 2005 hearing is way past due.

Since the Motion to Dismiss was the Defendants, it was their burden to argue any Motion within the 120 deadline. They did not. Nor did they show good cause why they could not. "This would require the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." Federal Practice and Procedure, Wright, Miller, Kane, s.1522.1 p.231, West Pub. Co., St. Paul, MN (1990). Since a Motion to Dismiss often has the Draconian effects of a summary judgment courts place all burden on the moving party. The court must draw all reasonable inferences in the Plaintiff's favor. Baker v. Coxe, 940 F. Supp. 409,414 (D. Mass. 1996) citing Coyne v. City of Somerville, 972 F. 2d 440, 442-42 (1st Cir. 1992).

The Defendants actions are a continuing violation of the Plaintiff's due process

-2-

which he has been complaining about from day one and includes but is not limitied to:

a. Denying him any discovery while the Defendants deposed him four (4) times and subpoenaed all his records;

b. The defendants lying on record including before the SJC;

c. The defendants treating the Plaintiff unequally including not investigating similarly situated attorneys who committed graver, documented breaches for a longer period of time;

d. Violating local rule 7;

e. Violating local rule 16 (see local rule 1.3, failure to comply may result in dismissal or default).

### Substantive Issues

The Plaintiff stands by his previously submitted memorandum. Counsels to all parties agree that immunity is absolute when prosecutors are acting as prosecutors but "A defendant pleading absolute immunity bears the burden of showing that it is justified by the function in question". Cignetti v. Healey, 89 F. Supp. 2d 106, 114 (D. Mass. 2000) citing Burns v. Reed, 500 U.S. at 487,111 S. Ct. 1934, 114 L. Ed. 2d 547 (1981). As previously stated in his memorandum of opposition of July 23, 2004, "... it is well settled that prosecutors do not enjoy absolute immunity as to conduct that is merely administrative or investigative." Cignetti at 116, citing Buckley v. Fitzsimmons, 509 U.S.

254, 269 (1993).

Plaintiff's pleadings go into detail about all the administrative, investigative, non prosecutorial functions the Defendants ineptly performed. At this stage the court must accept as true all reasonable inferences in Plaintiff's favor, Baker v. Coxe, 940 F. Supp.409, 414 (D. Mass. 1996).

Qualified immunity is not an issue since it is an affirmative defense that must be plead. Ringlets v. City of Fall River, 146 F. 3d1 (1st Cir. 1998). Defendants' counsel was wise not to plead it and lose credibility for qualified immunity does not protect, "the plainly incompetent or those who knowingly violate the law". Liu v. Phillips, 234 F.3d 55 (1st Cir. 2000). The Plaintiff's pleadings goes into detail about the incompetentcy of the Defendants as well as them violating the well established law. Again, all inferences in the pleadings must be weighed in favor of the Plaintiff.

All the other issues raised by the Defendants are addressed in Plaintiff's July 23, 2004 memorandum.

WHEREFORE, the Plaintiff prays for the following relief:

a. grant his motion and schedule a rehearing;

b. deny his motion and deny the Defendants' Motion to Dismiss as the local rules, pleadings, and case law clearly favor the Plaintiff, the non moving party.

For the Plaintiff, Pro Se

*[signature]*

Richard Abbott
1426 Hartford Ave. #6
Johnston, RI 02919
(401) 230-6758

| 04/16/2004 | ○ | Summons Issued as to Michael Fredrickson, Jane Rabe. (Patch, Christine) (Entered: 04/20/2004) |
|---|---|---|
| 04/16/2004 | ○ | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Dein. (Patch, Christine) (Entered: 04/20/2004) |
| 05/05/2004 | ○2 | AMENDED COMPLAINT against Michael Fredrickson, Jane Rabe , filed by Richard Abbott. (Attachments: # 1 Part 2 of 2)(Patch, Christine) (Entered: 05/07/2004) |
| 07/12/2004 | ○3 | Case Reassigned to Judge Nathaniel M. Gorton. Judge Patti B. Saris no longer assigned to the case. Counsel are directed to the Court's Standing Orders re: Electronic Case Filing. (Patch, Christine) (Entered: 07/13/2004) |
| 07/13/2004 | ○4 | MOTION to Dismiss by Michael Fredrickson, Jane Rabe.(Wyzanski, Charles) (Entered: 07/13/2004) |
| 07/13/2004 | ○5 | MEMORANDUM in Support re 4 MOTION to Dismiss filed by Michael Fredrickson, Jane Rabe. (Attachments: # 1 Exhibit A - C) (Wyzanski, Charles) (Entered: 07/13/2004) |
| 07/13/2004 | ○6 | MOTION for Attorney Fees by Michael Fredrickson, Jane Rabe. (Wyzanski, Charles) (Entered: 07/13/2004) |
| 07/13/2004 | ○7 | AFFIDAVIT in Support *of Motion for Attorneys Fees*. (Wyzanski, Charles) (Entered: 07/13/2004) |
| 07/15/2004 | ○8 | CERTIFICATE OF CONSULTATION re 4 MOTION to Dismiss, 6 MOTION for Attorney Fees by Charles M. Wyzanski on behalf of Michael Fredrickson, Jane Rabe. (Wyzanski, Charles) (Entered: 07/15/2004) |
| 07/23/2004 | ○9 | SUMMONS Returned Executed Michael Fredrickson served on 6/2/2004, answer due 6/22/2004. (Filo, Jennifer) (Entered: 08/02/2004) |
| 07/23/2004 | ○10 | SUMMONS Returned Executed Jane Rabe served on 6/10/2004, answer due 6/30/2004. (Filo, Jennifer) (Entered: 08/02/2004) |
| 07/23/2004 | ○11 | Memorandum in Support of Opposition re 4 MOTION to Dismiss, 6 MOTION for Attorney Fees filed by Richard Abbott. (Filo, Jennifer) (Entered: 08/02/2004) |
| 07/23/2004 | ○12 | AFFIDAVIT re 11 Memorandum in Support of Opposition to Motion to Dismiss and for Attorney's Fees by Richard Abbott. (Filo, Jennifer) |

Exhibit "A"